UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Orlando McFadden, # 14197, | ) C/A No. 4:06-1920-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Patty Patterson, Chief of Police; | ) |
| Sumter City Police Dept., c/o Mayor; | ) |
| Sumter City c/o City Administrator; and | ) |
| Arresting Officer, | ) |
| | ) |
| Defendants. | ) |

# *Background of this Case*

The plaintiff is a pre-trial detainee at the Sumter-Lee Regional Detention Center in Sumter, South Carolina. The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against the Chief of Police of the City of Sumter, the arresting officer, the City of Sumter Police Department, and the City of Sumter. In the complaint, the plaintiff refers to events in July of 2004. According to the plaintiff, he was harassed, charged, and imprisoned for various traffic offenses, including driving under suspension (DUS), by Sumter officials.

1

The dispositions of the plaintiff's cases were not entirely clear from the complaint. Hence, in an order filed in this case on July 10, 2006, the undersigned directed the plaintiff to answer Special Interrogatories and to submit the items needed to render this case into "proper form." The plaintiff has done so.

The plaintiff's Answers to the Court's Special Interrogatories (Entry No. 5) indicate that the plaintiff was convicted in Case No. 42898T of driving under suspension (DUS). The plaintiff did not file a direct appeal and has not sought post-conviction relief with respect to that conviction. In an addendum to the plaintiff's Answers to the Court's Special Interrogatories, the plaintiff alleges or contends: *(1)* the plaintiff had no legal representation; *(2)* the plaintiff was found guilty in a bench trial by the magistrate; *(3)* the police department and the magistrate have perjured themselves by attesting that the plaintiff pled guilty; *(4)* the plaintiff presented receipts to the arresting officer, "BUT TO NO AVAIL[;]" *(5)* the plaintiff's case was not handled professionally at all; *(6)* the plaintiff would have done something about this along time ago, but did not know "WHAT OR HOW UNTIL NOW[;]" *(7)* the plaintiff was intimidated and confused; *(8)* the plaintiff had no knowledge of PCR and

other methods to vindicate himself of this wrongful corrupted abuse of authority by the Sumter City government and police department; and *(9)* the plaintiff never stopped arguing his case.

In his prayer for relief on page 5 of the complaint (Entry No. 1), the plaintiff seeks monetary damages. The requested damages include $25,000 for the loss of the plaintiff's impounded vehicle, $250,000 for false imprisonment, $250,000 for defamation of character, $50,000 for loss of job and wages, $250,000 for anxiety and suffering, and $250,000 for neglect.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint (Entry No. 1) and the plaintiff's Answers to the Court's Special Interrogatories (Entry No. 5) pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).² *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of

---

²Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging his conviction for driving under suspension entered in 2004 in a municipal or magistrate court, this case is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

5

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's conviction or sentence is set aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in Heck v. Humphrey, supra. Even so, the limitations period will not begin to run until the cause of action accrues. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following Heck v. Humphrey: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of

6

limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).

With respect to his conviction and sentence for driving under suspension, the plaintiff's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2254, which remedies can be sought only after the plaintiff has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971); and Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)(exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,* Matthews v. Moore, 522 U.S. 833, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court

> can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

The plaintiff's Answers to the Court's Special Interrogatories (Entry No. 5) reveal that he did not file a direct appeal, which is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 1989 U.S. LEXIS® 1040 (1989). The plaintiff can, nonetheless, file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if an application for post-conviction relief is denied or dismissed by a Court of Common Pleas, the applicant can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and

Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). The plaintiff can file an application for post-conviction relief with respect to his conviction even though he is not currently incarcerated on that conviction. Jackson v. State, 331 S.C. 486, 487-491, 489 S.E.2d 915, 916-917, 1997 S.C. LEXIS® 145 (1997).

As earlier stated, if an application for post-conviction relief is denied or dismissed by a Court of Common Pleas, the applicant can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, supra. In fact, if a Court of Common Pleas denies an application for post-conviction relief or dismisses the application for post-conviction relief, the applicant *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. *See* Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).

Hence, the plaintiff's action should be dismissed with respect to his conviction for driving under suspension because a petition for writ of habeas corpus under 28 U.S.C. § 2254 may be filed in federal court only ***after the plaintiff has fully exhausted his state court remedies***.

In this civil rights action, the plaintiff cannot obtain monetary damages for defamation. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Secondly, under longstanding South Carolina case law, contents of governmental records – such as judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel. *See* Heyward v. Cuthbert, 15 S.C.L. (4 McCord) 354, 356-359 (1827); and Padgett v. Sun News, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982). *See also* case law interpreting the "fair report" doctrine (press may publish a "fair report" on official government proceedings such as arrest records, court records, or transcripts, even if the contents of those governmental records are defamatory), such as, *e.g.*, Medico v. Time, Inc., 643 F.2d 134, 137-140 (3rd Cir.), *cert. denied*, 454 U.S. 836 (1981), where the Court held that a news magazine was privileged to publish a summary of FBI documents identifying the appellant as a member of an

organized crime group; Cox Broadcasting Corp. v. Cohn, 420 U.S. 469 (1975)(prohibiting invasion of privacy action for publication of public record – name of deceased rape victim); and Lee v. Dong-A Ilbo, 849 F.2d 876, 878-880 & nn. 1-2 (4th Cir. 1988), *cert. denied*, Dong-A Ilbo v. Lee, 489 U.S. 1067, 1989 U.S. LEXIS® 1288 (1989).  Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989).

The plaintiff cannot recover monetary damages for his "Anxiety and Suffering[.]" Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims.  *See* Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, City of Borger v. Grandstaff, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903, 1989 U.S.App. LEXIS® 15698 (1st Cir. 1989).  *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983.  This provision is now codified at "new" 42

U.S.C. § 1997e(e), and has been held to be constitutional. *See* Zehner v. Trigg, 952 F. Supp. 1318, 1997 U.S.Dist. LEXIS® 369 (S.D.Ind. 1997), *affirmed*, 133 F.3d 459, 463, 1997 U.S.App. LEXIS® 36776 (7th Cir. 1997)("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [Metro-North Commuter R.R. v. Buckley, 521 U.S. 424, 1997 U.S. LEXIS® 3867 (1997)(Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners. This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion

originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

                                      Respectfully submitted,

                                      s/Thomas E. Rogers, III
September 11, 2006            Thomas E. Rogers, III
Florence, South Carolina     United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
